IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHEN F. WOOD DDS § | | |
|     Plaintiffs § | | |
| § | | |
| v. § | CASE NO. 5:17-cv-82 | |
| § | | |
| § | | |
| SENTINEL INSURANCE COMPANY LTD § | | |
|     Defendant. § | JURY TRIAL | |

## NOTICE OF REMOVAL

Defendant Sentinel Insurance Company Ltd (Sentinel"), through undersigned counsel and pursuant to 28 U.S.C §§ 1441 and 1446, files this Notice of Removal of the action captioned as follows: *Stephen F. Wood DDS v. Sentinel Insurance Company Ltd,* on the docket of the 57th Judicial District Court of Bexar County, Texas. In support of this Notice of Removal, Sentinel respectfully shows the following:

1. Plaintiff Stephen F. Wood DDS ("Plaintiff") commenced the state court action against Sentinel on or about January 9, 2017, by filing Plaintiff's Original Petition and Jury Demand (the "Petition") in the 57th Judicial District Court of Bexar County, Texas. Sentinel was served with the summons and a copy of the complaint on January 13, 2017. Sentinel has not filed its Original Answer in state court.

2. A copy of all process, pleadings, and orders in the state-court action, to the extent available, is filed with this Notice of Removal.[1]

3. The Petition avers that Plaintiff purchased the policy for property located in Bexar County, Texas. (Pet. page 2of 14)

---

[1] Sentinel has requested a complete copy of the state court file. Sentinel will supplement this removal to attach the court's file on receipt.

4. The Petition asserts, incorrectly, that Sentinel is "a domestic insurance company that operates a headquarters in Texas." (Pet. page 1 of 14)  In fact, Sentinel is a Connecticut corporation and its principle place of business in Hartford, Connecticut.

5   The Petition alleges that "Plaintiff suffered a significant loss with respect to the Property at issue as a result of a hailstorm" (Pet. Page 2 of 14)

7. The Petition alleges that Sentinel "under paid and wrongfully denied Plaintiff's valid and covered claim." (Pet. Page 3 of 14)

8. This Notice of Removal is filed within 30 days following service of the petition on Sentinel.  Therefore, this removal is timely under 28 U.S.C. Section 1446(b).

9. Sentinel denies the underlying facts as alleged by Plaintiff or as summarized in this Notice.  Sentinel expressly denies that it has any liability to Plaintiff.

## **DIVERSITY JURISDICTION**

10. This Court has original jurisdiction pursuant to 28 U.S.C § 1332 (a), and this matter is removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Plaintiff is a citizen of Texas.  Sentinel is a Connecticut corporation with its principal place of business in Connecticut.

11. Plaintiff alleges the total amount of damages sought, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in the lawsuit, are in excess of $100,000.00 but not more than $200,000.00. (Pet. page 12 of 14)  Plaintiff also seeks additional damages for "Defendant's knowing and intentional misconduct" (Pet. page 12 of 14) Plaintiff further seeks "exemplary damages." (Pet. page 12 of 14)

12.     Plaintiffs in Texas are also not limited to recovery of damages requested in their pleadings. "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints . . . ." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412, n. 10.

13.     No binding stipulation or affidavit was filed with the Petition.

## **REMOVAL PROCEDURE**

14.     Sentinel has provided the clerk of the 57th Judicial District Court of Bexar County, Texas with notice of this removal.

15.     Pursuant to Local Rule 81, copies of the following documents are provided to the clerk of this Court for filing in connection with this Notice of Removal:

    a.     Index of matters being filed;

    b.     The state-court file, including all executed process, pleadings and exhibits, and state-court orders (the state court file has been requested and will be provided as a supplement to this removal);[2]

    c.     A list of all parties and their counsel of record.

---

[2] Copies of documents contained in the state court file are provided here, pending receipt of the file from the state court. Documents included here are: a copy of Plaintiff's Original Petition with citation.

WHEREFORE, Sentinel hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Martin R. Sadler*_____
Martin R. Sadler
Attorney-in-Charge
Texas Bar No. 00788842
Federal Bar No. 18230
msadler@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
    A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

-IN-CHARGE
FOR SENTINEL INSURANCE COMPANY LTD.

OF COUNSEL:

Rebecca A. Moore
Texas Bar No. 24031701
Federal ID No. 31001
rmoore@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above pleading has been forwarded by electronic service on this, the 6th day of February, 2017 to:

Clare L. Pace
Martin & Drought, P.C.
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, TX 78205

                                            */s/ Martin R. Sadler*
                                            Martin R. Sadler