CT Corporation

**Service of Process Transmittal**
01/13/2017
CT Log Number 530486432

**TO:** Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:** **Process Served in Texas**

**FOR:** Sentinel Insurance Company, Ltd. (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | STEPHEN F. WOOD DDS, Pltf. vs. Sentinel Insurance Company, Ltd., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 57th Judicial District Court Bexar County, TX<br>Case # 2017CI00368 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/13/2017 postmarked on 01/11/2017 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Clare L. Pace<br>MARTIN & DROUGHT, P.C.<br>Bank of America Plaza, 25th Floor<br>300 Convent Street<br>San Antonio, TX 78205<br>(210) 227-7591 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/13/2017, Expected Purge Date: 01/18/2017 |
| | Image SOP |
| | Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM |
| | Email Notification, Massimo Fraschilla Massimo.Fraschilla@thehartford.com |
| | Email Notification, Fiona Rosenberg Fiona.Rosenberg@thehartford.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

neopost
01/11/2017
US POSTAGE $07.57
ZIP 78205
041L1100305

7015 1660 0000 4382 6081

SENTINEL INSURANCE COMPANY LTD
C/O CT CORPORATION SYSTEM
1999 BRYAN STREET 900
DALLAS, TX 75201

2017C100368  1/10/2017  CITCM  DEBRA CANTU

DONNA KAY McKINNEY
BEXAR COUNTY DISTRICT CLERK
-PAUL ELIZONDO TOWER
101 W. NUEVA ST., SUITE 217
SAN ANTONIO, TX 78205-3411

RETURN SERVICE REQUESTED

CERTIFIED MAIL #70151660000043826081 **Case Number: 2017-CI-00368**

2017CI00368   S00001

**STEPHEN F WOOD DDS**

*Plaintiff*

**vs.**

**SENTINEL INSURANCE COMPANY LTD**

*Defendant*

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:** SENTINEL INSURANCE COMPANY LTD

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
1999 BRYAN STREET 900
DALLAS TX 75201

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation and petition by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 9th day of January, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 10TH DAY OF JANUARY A.D., 2017.

PETITION

CLARE L PACE
ATTORNEY FOR PLAINTIFF
300 CONVENT ST
SAN ANTONIO, TX 78205-1316



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

---

Officer's Return

Came to hand on the 10th day of January 2017, A.D., at 12:16 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu,* Deputy

ORIGINAL (DK003)

FILED
1/9/2017 3:49:42 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

CIT CML/ W/JD SAC2

## 2017CI00368

### CAUSE NO. _____

| | | |
|---|---|---|
| STEPHEN F. WOOD DDS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 57TH JUDICIAL COURT |
| | § | |
| SENTINEL INSURANCE COMPANY | § | BEXAR COUNTY, |
| LTD. | § | TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Stephen F. Wood DDS, Plaintiff herein, who files this, its Original Petition against the Defendant, Sentinel Insurance Company Ltd., hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II. PARTIES

Plaintiff, Stephen F. Wood DDS, is an individual residing in Bexar County, Texas.

The Court has jurisdiction over Defendant, Sentinel Insurance Company Ltd. ("Sentinel"), because Defendant is a domestic insurance company that operates a headquarters in Texas. Further, Defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. It can be served with citation by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201.

### III. VENUE

Venue is proper in Bexar County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Bexar County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Bexar County against all the potential Defendant in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences.  *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery has been performed, waived, or have occurred.

### V. FACTS

Plaintiff are the owner of Policy number 65SBAIX8586 issued by Defendant Sentinel (hereinafter referred to as the "Policy"). Plaintiff owned the insured property (hereinafter referred to as the "Property"), which is specifically located at 13410 NW Military Hwy., San Antonio, TX 78231.

Defendant Sentinel sold the Policy, insuring the Property that is the subject of this lawsuit, to Plaintiff. Plaintiff suffered a significant loss with respect to the Property at issue as a result of a hailstorm. Plaintiff submitted a claim to Defendant Sentinel for damages to the Property insured by Defendant Sentinel. Defendant Sentinel assigned claim number CP0016817416 to Plaintiff's claim.

Defendant Sentinel under paid and wrongfully denied Plaintiff's valid and covered claim. Plaintiff made a claim for hail damage to the roof and water damage to the interior. Defendant Sentinel denied Plaintiffs claim stating that the damage was caused by foot traffic , mechanical damage, and/or wear and tear. Defendant Sentinel made this determination even though there was no evidence of prior water entry and the property had just suffered a significant hail storm. Plaintiff's damage is blatant and obvious, Defendant do not dispute coverage or the fact the storm occurred; therefore, Defendant conclusions are baseless and without merit.

Therefore, Defendant Sentinel failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Defendant failed and refused to pay the full proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damage and all conditions precedent to recovery upon the Policy and under Plaintiff's claims have been carried out and accomplished by Plaintiff. Such conduct by Defendant constitutes breach of the insurance contract between Defendant Sentinel and Plaintiff.

Defendant Sentinel misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant' conduct constitutes violations of the Texas Insurance Code. Defendant misrepresented to Plaintiff that part of Plaintiff's damage property was excluded under the Policy.

Defendant Sentinel failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was or should have been aware of its liability to Plaintiff under the Policy. Defendant' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code §541.060(2).

Page 3 of 14

Defendant Sentinel failed to promptly provide to Plaintiff a reasonable explanation of the basis of the policy, in relation to the facts or applicable law, for the Defendant' denial of the claim. Defendant' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE §541.060(3).

Defendant Sentinel failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant. Defendant' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE §541.060(4).

Defendant Sentinel refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE §541.060(7).

Defendant Sentinel failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claim, beginning investigations to Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claim. Defendant's conduct constitutes violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542.055.

Defendant Sentinel failed to accept or deny Plaintiff's full and entire claim within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542.056.

Defendant Sentinel failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full

payment of Plaintiff's claim longer than allowed and, to date; Plaintiff has not yet received full payment for the claim. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542.055.

From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant Sentinel to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite Defendant having no good faith basis on which a reasonable insurance company would have relied on to deny the full payment. Defendant' conduct constitutes breaches of the common law duty of good faith and fair dealing.

As a result of Defendant' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

## VI. CAUSES OF ACTION

### A. Breach of Contract by Defendant Sentinel

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitute material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

### B. Cause of Action for Violation of Section 541 by Defendant Sentinel

Defendant' conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE §541.151.

Defendant' unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

Defendant' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

Defendant' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. §541.051, 541.060 and 541.061.

Defendant' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

**C. Cause of Action for Violation of Section 542 by Defendant Sentinel**

Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542. All violations made under this article are made actionable by TEX. INS. CODE §542.060

Defendant's failure, as described above, to acknowledge receipt of Plaintiff's claim, commence investigation of the clam, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable

time constraints, constitutes a non-payment of the claim. TEX. INS. CODE §542.055-542.060.

**D. Violation of the Texas Deceptive Trade Practices Act by Defendant Sentinel**

Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA, including without limitation the misrepresentations made by Defendant as set forth above which were made to and which did, in fact, induce Plaintiff into purchasing the Policy from Defendant. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendant' violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits

that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendant has breached an express warranty that the damage caused by wind and hail would be covered under the insurance policies.  This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly

unfair degree. Defendant' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**E. Cause of Action for Unfair Insurance Practices by Defendant Sentinel**

Defendant' conduct described above constitutes unfair insurance practices.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, Defendant's failure to pay for the proper repair of Plaintiff's real property on which liability had become reasonably clear; engaging in false, misleading and deceptive acts or practices in the business of insurance in this case; and misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant are guilty of the following unfair insurance practices:

A.      Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.      Engaging in unfair claims settlement practices;

C.      Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.      Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.      Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.      Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.  Defendant' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**F.      Cause of Action for Breach of Duty of Good Faith and Fair Dealing by Defendant Sentinel**

Defendant's conduct described above constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at the time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.   .

## VII. KNOWLEDGE AND INTENT

Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## VIII.  WAIVER AND ESTOPPEL

Defendant has waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## IX.  DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's real property, the additional cost of living for Plaintiff's family and any investigative and engineering fees incurred in the claim.   Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract.   Plaintiff is also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus

prejudgment interest and attorneys fees.  All the damages described in this petition are within the jurisdictional limits of the Court.  Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00.

## X.  ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.  Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI.  EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendant is the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XII.  ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiff is entitled to recover these attorneys' fees

under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and make this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee as required by Texas Government Code Section 51.604.

## XIV. REQUEST FOR DISCLOSURE

Pursuant to TEX. R. CIV. P. 194, you are requested to disclose, within fifty (50) days of the service of this request, the information or material described in 194.2(a)-194.2(l).

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**MARTIN & DROUGHT, P.C.**
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, TX 78205
Telephone: (210) 227-7591
Telecopier: (210) 227-7924
Email: cpace@mdtlaw.com

By: /s/ Clare L. Pace
GERALD T. DROUGHT
State Bar Number: 06134800
CLARE L. PACE
State Bar Number: 24079097
**ATTORNEYS FOR PLAINTIFF**